IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-16 |
| v. | ) | |
| | ) | |
| OMAR ARIZMENDI MORALES, and | ) | (REEVES / SHIRLEY) |
| LESLIE YAMILEX HERRERA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on April 20, 2016, for a scheduled pretrial conference and a motion hearing on the Defendant Morales' Motion to Continue Trial [Doc. 26], filed on March 22, 2016, and on the Motion of Defendant Leslie Yamilez Herrera for a Continuance. Assistant United States Attorneys Caryn L. Hebets and Ray Barto Slabbekorn, Jr., appeared on behalf of the Government. Assistant Federal Defender Bobby E. Hutson, Jr., represented Defendant Morales. Attorney Francis L. Lloyd, Jr., represented Defendant Herrera. Both Defendants were present, and Defendant Morales participated with the aid of an interpreter.

In his motion, Defendant Morales asks the Court to continue the May 3 trial of this case and reset all deadlines ninety days to allow time for counsel to complete his investigation of the facts. The motion states that counsel also needs time to consult with the Defendant about the best resolution of the case. Defendant Herrera's motion also requests a

continuance of the trial and all deadlines. She states that counsel needs time to complete his review of the voluminous discovery and to investigate the facts of the case, including interviewing witnesses in Texas. Defendant Herrera's motion relates that counsel anticipates filing motions based on the stop, search, and arrests of the Defendants.

At the hearing, Attorney Hutson asked the Court to continue the case until the fall of 2016. He stated that he needed time to investigate the case and fully advise the Defendant with regard to pretrial motions and to a possible resolution of the case. He stated that if motions were filed in this case, the preparation and litigation of motions would take considerable time. Mr. Hutson requested a motion deadline in June. He said that he had discussed the possibility of a continuance with Defendant Morales and that the Defendant agreed to a continuance to October or November 2016.

Mr. Lloyd stated that the search issues in this case were complex and that a trial continuance was necessary for him to provide the effective assistance of counsel to Defendant Herrera. He said that he had discussed the need for a trial continuance with the Defendant, who agreed to waive her speedy trial rights to the extent sufficient to accomplish a continuance. The Government had no objection to the requested continuance. The parties agreed to a new trial date of November 1, 2016.

The Court finds the Defendants' motions to continue the May 3, 2016 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that a trial continuance is necessary in this case in order to permit defense counsel to complete their investigation of the case. In this regard, the Court observes that the Defendants were stopped and arrested in Texas and that counsel need time to evaluate the circumstances of that

2

encounter. Defense counsel anticipate filing pretrial motions raising constitutional challenges. The Court set a new motion deadline of June 10, 2016. Once the parties have briefed the issues, the Court will need time to hold a hearing on the pretrial motions and time, not to exceed thirty days, to prepare a report and recommendation on the issues raised. See 18 U.S.C. § 3161(h)(1)(H). Thereafter, the parties will need time to file any objections, and the District Judge will need time to rule on the motions in light of the report and the objections. Finally, the parties will need time to prepare for trial in light of the rulings on pretrial motions. The Court finds that all of this cannot take place before the May 3 trial date or in less than six and one half months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The motions to continue the trial [**Docs. 26 & 27**] are **GRANTED**. The trial of this matter is reset to **November 1, 2016**. The Court also finds, and the parties agree, that all the time between the filing of the motions on March 22, 2016, and the new trial date of November 1, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new motion deadline of **June 10, 2016**. Responses to motions are due on or before **July 1, 2016**. The parties are to appear before the undersigned for a pretrial conference and motion hearing on all pending motions on **July 18, 2016, at 1:30 p.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is **September 16, 2016**. The Court instructs the parties that all motions *in limine* must be filed no later than **October 17, 2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 21**, **2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' motions [**Docs. 26 & 27**] to continue the trial are **GRANTED**;

(2) The trial of this matter is reset to commence on **November 1, 2016**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the filing of Defendant Morales' motion on **March 22, 2016**, and the new trial date of **November 1, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Pretrial motions are due on **June 10, 2016**. Responses to motions are due on or before **July 1, 2016**;

(5) The parties are to appear before the undersigned for a pretrial conference and motion hearing on all pending motions on **July 18, 2016, at 1:30 p.m.**;

(6) The deadline for concluding plea negotiations is **September 16, 2016**. This date shall also be the deadline for providing reciprocal discovery;

(7) The Court instructs the parties that all motions *in limine* must be filed no later than **October 17, 2016**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **October 21, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge